## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN DOVAL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FAIRLEIGH DICKINSON UNIVERSITY,<br><br>Defendant. | Civil Action No.<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Steven Doval ("Plaintiff") brings this action on behalf of himself and all others similarly situated against Defendant Fairleigh Dickinson University ("FDU" or "Defendant"). Plaintiff makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to the allegations specifically pertaining to himself, which are based on personal knowledge.

### NATURE OF THE ACTION AND FACTS COMMON TO ALL CLAIMS

1.      This is a class action lawsuit on behalf of all people who paid tuition and fees for the Spring 2020 academic semester at FDU, and who, because of Defendant's response to the Novel Coronavirus Disease 2019 ("COVID-19") pandemic, lost the benefit of the education for which they paid, and/or the services for which their fees paid, without having their tuition and fees refunded to them.

2.      FDU is one of New Jersey's largest private universities with an enrollment of over 11,000 students.  FDU has four campuses: two in New Jersey (Madison/Florham Park and Teaneck/Hackensack), one in Vancouver, British Columbia, and one in South East England, as well as an online platform.  FDU offers over 100 different degree programs to its students.

3.      On March 10, 2020, FDU announced via letter from Christopher A. Capuano

(University President) that FDU was to suspend "face-to-face instruction on our New Jersey and Vancouver campuses and switch to remote (online) learning for all classes, effective Monday, March 16," the first day back from Spring Break.[1]  On March 20, 2020, Mr. Capuano confirmed via website announcement that remote learning was to continue through the end of the Spring 2020 semseter.[2]

4.      Thus, FDU has not held any in-person classes since March 6, 2020.  Classes that have continued have only been offered in an online format, with no in-person instruction.

5.      As a result of the closure of Defendant's facilities, Defendant has not delivered the educational services, facilities, access and/or opportunities that Mr. Doval and the putative class contracted and paid for.  The online learning options being offered to FDU students are subpar in practically every aspect, from the lack of facilities, materials, and access to faculty. Students have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique.  The remote learning options are in no way the equivalent of the in-person education that Plaintiff and the putative class members contracted and paid for.

6.      Nonetheless, FDU has not refunded any tuition or fees for the Spring 2020 Semester.

7.      Plaintiff and the putative class are therefore entitled to a refund of tuition and fees for in-person educational services, facilities, access and/or opportunities that Defendant has not provided.  Even if Defendant did not have a choice in cancelling in-person classes, it nevertheless has improperly retained funds for services it is not providing.

8.      Plaintiff seeks, for himself and Class members, Defendant's disgorgement of the

---

[1] https://www.fdu.edu/coronavirus-update/previous-updates/#200310
[2] https://www.fdu.edu/coronavirus-update/previous-updates/#200320extended

pro-rated portion of tuition and fees, proportionate to the amount of time that remained in the Spring Semester 2020 when classes moved online and campus services ceased being provided. Plaintiff seeks a return of these amounts on behalf of himself and the Class as defined below.

## PARTIES

9.      Plaintiff Steven Doval is a citizen of New Jersey who resides in Teaneck, New Jersey.  Mr. Doval is the parent of an undergraduate student at FDU.  Mr. Doval's son is pursuing a degree in Psychology.  The Psychology program at FDU relies extensively on in-person instruction, laboratory access, meaningful student presentations, peer collaboration, and access to other university facilities.  None of these resources are available to Mr. Doval's son while in-person classes are suspended.  Mr. Doval paid Defendant approximately $10,620 in tuition and fees for Spring Semester 2020.  FDU has not provided Mr. Doval any refund of tuition or other mandatory fees, despite the fact that in-person classes have not been held since March 6, 2020.

10.      Defendant Fairleigh Dickinson University is a private university with its principal place of business at 1000 River Rd, Teaneck, NJ 07666.

## JURISDICTION AND VENUE

11.      The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class, as defined below, is a citizen of a different state than Defendant, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs.

12.      This Court has personal jurisdiction over Defendant because it is headquartered in this District, many of the acts and transactions giving rise to this action occurred in this District.

13.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant's principal place of business is located in this District, Plaintiff and Defendant reside in this District, and many of the acts and transactions giving rise to this action occurred in this District. Specifically, the contract that is the subject of this action was formed in this District.

## FACTUAL ALLEGATIONS

### *Plaintiff And Class Members Paid Tuition And Fees For Spring Semester 2020*

14.     Plaintiff and Class members are individuals who paid the cost of tuition and other mandatory fees for the Spring 2020 Semester at FDU.

15.     Spring Semester 2020 classes at FDU began on or about January 21, 2020. Classes and final exams for the semester are scheduled for end on or around May 13, 2020.

16.     Plaintiff and Class members paid the cost of tuition for the Spring Semester 2020. They also paid other mandatory fees associated with the Spring Semester 2020, including but not limited to a Technology Fee and a University Wellness Fee.

17.     Undergraduate tuition for the Spring 2020 semester at FDU is approximately $21,827.  Mandatory undergraduate fees include a $924 yearly Technology Fee and a $140 yearly University Wellness Fee.

18.     Graduate tuition for the Spring 2020 semester at FDU varies based on the program.  While some programs charge a flat rate, others charge per semester, per course, or per credit, as shown below:

| College | Amount |
|---|---|
| Silberman College | $1,347 |
| University College Tier 1: masters level programs in education; history, political and international studies; natural sciences; and psychology | $1,285 |
| University College Tier 2: masters level programs in computer engineering, computer science, electrical engineering, electronic commerce, management information systems, medical technology, nursing, and systems science. | $1,347 |
| University College Tier 3: doctoral programs | $1,405 |
| Becton College and Petrocelli College | $1,285 |
| Becton College School of Arts MFA in Film, AY 2019-2020 [not including fees] Residency Fee each $2,500 | $1,272 |

# Flat-rate Programs

| Program | Amount |
|---|---|
| Annual (inclusive of technology fee) | |
| Nursing Post-Masters | $23,170.00 |
| | |
| 21-Month Program | |
| | |
| Per Course | |
| Saturday MBA | |
| Clinical Psychopharmacology / per course | $1,636.00 |
| MA in Corporate and Organizational - dual degree - Bergamo | $16,307.00 |
| | |
| Ph.D. in Clinical Psychology | $41,698.00 |
| Dissertation (per semester) | $5,006.00 |
| Internship Charge (per semester) | $260.00 |
| Dissertation Maintenance (per semester) | $510.00 |
| | |
| Psy.D. in School Psychology (5 yr program) | $41,698.00 |

19.     FDU also charges mandatory graduate fees such as Technology Fee and University Wellness Fee, as well as other fees that vary depending on the program and year.

20.     The tuition and fees described in the paragraph above is provided by way of example; total damage amounts – which may include other fees that are not listed herein but that were not refunded – will be proven at trial.

### *In Response To COVID-19, FDU Closed Campuses And Cancelled All In-Person Classes*

21.     On March 10, 2020, FDU announced that because of the global COVID-19 classes would be held only in online format as of March 16, 2020, the first day back from Spring Break.  On March 20, 2020, FDU announced that all classes would continue in online format through the end of the Spring 2020 semester.

22.     Since March 6, 2020, FDU has not held any in-person classes.  Classes that have continued have only been offered in an online format, with no in-person instruction.  Even classes for students with concentrations in areas where in-person instruction is especially crucial (such as music, theatre, nursing, and the sciences) have only had access to minimum online education options.

23.     As a result of the closure of Defendant's facilities, Defendant has not delivered the educational services, facilities, access and/or opportunities that Plaintiff and the putative class contracted and paid for.  Plaintiff and the putative class are therefore entitled to a refund of all tuition and fees for services, facilities, access and/or opportunities that Defendant has not provided.  Even if Defendant did not have a choice in cancelling in-person classes, it nevertheless has improperly retained funds for services it is not providing.

24.     Plaintiff and members of the Class did not choose to attend an online institution of higher learning, but instead chose to attend Defendant's institution and enroll on an in-person

basis.

25.     Defendant markets the FDU on-campus experience as a benefit of enrollment on

FDU's website:

# The Classic College Experience

The Florham Campus emphasizes a well-rounded academic experience rich in choices and balanced by dynamic extracurricular activities. Whatever your major, your education will prepare you to problem solve effectively, think creatively and communicate persuasively — skills that will prepare you for a lifetime of success.

FDU Florham is primarily a residential campus, supported by a strong student life program. It boasts active fraternities and sororities, diverse student activities, and dynamic Division III and intramural athletics programs. Resident students are joined in class by undergraduate commuters and by adult, graduate, and certificate students, utilizing first-class educational resources either retrofitted into the campus' distinctive and appealing original buildings, or newly built especially in the most recent decades.

27.     The online learning options being offered to FDU students are subpar in

practically every aspect and a shadow of what they once were, from the lack of facilities,

materials, and access to faculty.  Students have been deprived of the opportunity for

collaborative learning and in-person dialogue, feedback, and critique.

28.     The remote learning options are in no way the equivalent of the in-person

education putative class members contracted and paid for.  The remote education being provided

is not even remotely worth the amount charged class members for Spring Semester 2020 tuition.

The tuition and fees for in-person instruction at FDU are higher than tuition and fees for its own

online programs because such costs cover not just the academic instruction, but encompass an

entirely different experience which includes but is not limited to:

- Face to face interaction with professors, mentors, and peers;

- Access to facilities such as libraries, laboratories, computer labs, and study rooms;

- Student governance and student unions;

- Extra-curricular activities, groups, intramural sports, etc.;

- Student art, cultures, and other activities;

- Social development and independence;

- Hands on learning and experimentation;

- Networking and mentorship opportunities.

29.     Indeed, FDU offers an "AA Liberal Arts" online degree.  FDU's own website confirms that "[t]uition for the AA program is 50 percent less than standard FDU tuition."

30.     Through this lawsuit Plaintiff seeks, for himself and Class members, Defendant's disgorgement of the pro-rated portion of tuition and fees, proportionate to the amount of time that remained in the Spring Semester 2020 when classes moved online and campus services ceased being provided.  Plaintiff seeks return of these amounts on behalf of himself and the Class as defined below.

## CLASS ALLEGATIONS

31.     Plaintiff seeks to represent a class defined as all people who paid FDU Spring Semester 2020 tuition and/or fees for in-person educational services that FDU failed to provide, and whose tuition and fees have not been refunded (the "Class").  Specifically excluded from the Class are Defendant, Defendant's officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by Defendant, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Defendant and/or Defendant's officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

32.     Plaintiff also seeks to represent a subclass consisting of Class members who reside in New Jersey (the "Subclass").

33.     Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class and Subclass may be expanded or narrowed by amendment or amended complaint.

34.     **Numerosity.**  The members of the Class and Subclass are geographically dispersed throughout the United States and are so numerous that individual joinder is impracticable.  Upon information and belief, Plaintiff reasonably estimates that there are tens of thousands of members in the Class and Subclass.  Although the precise number of Class members is unknown to Plaintiff, the true number of Class members is known by Defendant and may be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

35.     **Existence and predominance of common questions of law and fact.**  Common questions of law and fact exist as to all members of the Class and Subclass and predominate over any questions affecting only individual Class members.  These common legal and factual questions include, but are not limited to, the following:

(a)     whether Defendant accepted money from Class and Subclass members in exchange for the promise to provide services;

(b)     whether Defendant has provided the services for which Class and Subclass members contracted; and

(c)     whether Class and Subclass members are entitled to a refund for that portion of the tuition and fees that was contracted for services that Defendant did not provide.

(d)     whether Defendant has unlawfully converted money from Plaintiff, the Class

and Subclass; and

(e)     whether Defendant is liable to Plaintiff, the Class, and Subclass for unjust enrichment.

36.     **Typicality.**  Plaintiff's claims are typical of the claims of the other members of the Class in that, among other things, all Class and Subclass members were similarly situated and were comparably injured through Defendant's wrongful conduct as set forth herein.  Further, there are no defenses available to Defendants that are unique to Plaintiff.

37.     **Adequacy of Representation.**  Plaintiff will fairly and adequately protect the interests of the Class and Subclass.  Plaintiff has retained counsel that is highly experienced in complex consumer class action litigation, and Plaintiff intends to vigorously prosecute this action on behalf of the Class and Subclass.  Furthermore, Plaintiff has no interests that are antagonistic to those of the Class or Subclass.

38.     **Superiority.**  A class action is superior to all other available means for the fair and efficient adjudication of this controversy.  The damages or other financial detriment suffered by individual Class and Subclass members are relatively small compared to the burden and expense of individual litigation of their claims against Defendant.  It would, thus, be virtually impossible for the Class or Subclass on an individual basis, to obtain effective redress for the wrongs committed against them.  Furthermore, even if Class or Subclass members could afford such individualized litigation, the court system could not.  Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts.  Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and

comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

39.     In the alternative, the Class and Subclass may also be certified because:

(a)     the prosecution of separate actions by individual Class and Subclass members would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for the Defendant;

(b)     the prosecution of separate actions by individual Class and Subclass members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

(c)     Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

## COUNT I
### Breach Of Contract
### (On Behalf Of The Class And Subclass)

40.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

41.     Plaintiff brings this claim individually and on behalf of the members of the Class and Subclass against Defendants.

42.     Through the admission agreement and payment of tuition and fees, Plaintiff and each member of the Class and Subclass entered into a binding contract with Defendant.

43.     As part of the contract, and in exchange for the aforementioned consideration, Defendant promised to provide certain services, all as set forth above.  Plaintiff, Class, and Subclass members fulfilled their end of the bargain when they paid monies due for Spring Semester 2020 tuition.  Tuition for Spring Semester 2020 was intended to cover in-person educational services from January through May 2020.  In exchange for tuition monies paid, Class and Subclass members were entitled to in-person educational services through the end of the Spring Semester.

44.     Defendant has failed to provide the contracted for services and has otherwise not performed under the contract as set forth above.  Defendant has retained monies paid by Plaintiff and the Class for their Spring Semester 2020 tuition and fees, without providing them the benefit of their bargain.

45.     Plaintiff and members of the Class and Subclass have suffered damage as a direct and proximate result of Defendant's breach, including but not limited to being deprived of the education, experience, and services to which they were promised and for which they have already paid.

46.     As a direct and proximate result of Defendant's breach, Plaintiff, the Class, and Subclass are entitled to damages, to be decided by the trier of fact in this action, to include but no be limited to reimbursement of certain tuition, fees, and other expenses that were collected by Defendant for services that Defendant has failed to deliver.  Defendant should return the pro-rated portion of any Spring Semester 2020 tuition and fees for education services not provided since FDU has not held in-person classes since March 6, 2020.

47.     Defendant's performance under the contract is not excused due to COVID-19. Indeed, Defendant should have refunded the pro-rated portion of any education services not

provided.  Even if performance was excused or impossible, Defendant would nevertheless be required to return the funds received for services it will not provide.

## COUNT II
### Unjust Enrichment
### (On Behalf Of The Class And Subclass)

48.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

49.     Plaintiff brings this claim individually and on behalf of the members of the Class and Subclass against Defendant.

50.     Plaintiff and members of the Class and Subclass conferred a benefit on Defendant in the form of monies paid for Spring Semester 2020 tuition and other fees in exchange for certain service and promises.  Tuition for Spring Semester 2020 was intended to cover in-person educational services from January through May 2020.  In exchange for tuition monies paid, Class members were entitled to in-person educational services through the end of the Spring Semester.

51.     Defendant voluntarily accepted and retained this benefit by accepting payment.

52.     Defendant has retained this benefit, even though Defendant has failed to provide the education, experience, and services for which the tuition and fees were collected, making Defendant's retention unjust under the circumstances.  Accordingly, Defendant should return the pro-rated portion of any Spring Semester 2020 tuition and fees for education services not provided since FDU has not held in-person classes since March 6, 2020.

53.     It would be unjust and inequitable for Defendant to retain the benefit, and Defendant should be required to disgorge this unjust enrichment.

<u>**COUNT III**</u>
**Conversion**
**(On Behalf Of The Class And Subclass)**

54.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

55.     Plaintiff brings this claim individually and on behalf of the members of the Class and Subclass against Defendant.

56.     Plaintiff and members of the Class and Subclass have an ownership right to the in-person educational services they were supposed to be provided in exchange for their Spring Semester 2020 tuition and fee payments to Defendant.

57.     Defendant intentionally interfered with the rights of Plaintiff, the Class, and Subclass when it moved all classes to an online format and discontinued in-person educational services for which tuition and fees were intended to pay.

58.     Plaintiff and members of the Class and Subclass demand the return of the pro-rated portion of any Spring Semester 2020 tuition and fees for education services not provided since FDU shut down on March 11, 2020.

59.     Defendant's retention of the fees paid by Plaintiff and members of the Class and Subclass without providing the educational services for which they paid, deprived Plaintiff, Class and Subclass members of the benefits for which the tuition and fees paid.

60.     This interference with the services for which Plaintiff and members of the Class and Subclass paid damaged Plaintiff and Class members in that they paid tuition and fees for services that will not be provided.

61.     Plaintiff, Class and Subclass members are entitled to the return of pro-rated portion of any Spring Semester 2020 tuition and fees for education services not provided since

FDU has not held in-person classes since March 6, 2020.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

(a) For an order certifying the Class and Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Subclass and Plaintiff's attorneys as Class Counsel to represent the Class and Subclass;

(b) For an order finding in favor of Plaintiff and the Class and Subclass on all counts asserted herein;

(c) For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

(d) For prejudgment interest on all amounts awarded;

(e) For an order of restitution and all other forms of equitable monetary relief;

(f) For injunctive relief as pleaded or as the Court may deem proper; and

(g) For an order awarding Plaintiff and the Class and Subclass her reasonable attorneys' fees and expenses and costs of suit.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: May 18, 2020

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:   _/s/ Philip L. Fraietta_
　　　Philip L. Fraietta

Philip L. Fraietta (118322014)
Alec M. Leslie (*pro hac vice* app. forthcoming)
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163

Email:  pfraietta@bursor.com
        aleslie@bursor.com

**BURSOR & FISHER, P.A.**
Sarah N. Westcot *(pro hac vice* app. forthcoming*)*
2665 S. Bayshore Drive, Suite 220
Miami, FL 33133
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
Email: swestcot@bursor.com

*Attorneys for Plaintiff*